Dodge *v.* Emerson.

## Dodge *versus* Emerson &. al.

A note for a sum certain and for another sum, the amount of which is contingent, though made payable to order, is not negotiable, and no action can be maintained upon it in the name of an indorsee.

In a suit upon such a note, in the name of the indorsee, it is not competent for the plaintiff to abandon the uncertain sum, and recover for that which is fixed.

On Facts agreed.

Dodge *v.* Emerson.

Assumpsit, by the indorsee against the makers of a note payable to the Protection Insurance Company or order, for "$271,25, with such additional premium as may arise on policy No. 50, issued at the Calais agency."

The opinion of the Court, Shepley, C. J., Wells, Rice, Hathaway and Appleton, J. J., was drawn up by

Appleton, J. — No principle of law is more fully established by authority and the universal concurrence of the commercial world, than that to make a written promise a valid promissory note, it must be for a fixed and certain, and not for a variable amount. In France it is so determined by the provisions of the Code Napoleon. It is the recognized mercantile law of continental Europe. In England and in this country, it has received the sanction of repeated and well considered adjudications. Story on Promissory Notes, § 20. Without this essential requisite, a written promise, though in terms payable to order, is to be regarded as a simple contract and not negotiable.

The defendants in this case have promised to pay two several sums; one certain and definite, the other uncertain and contingent. The defendants' liability being for both these sums, is obviously for an unascertained and indefinite amount.

It is insisted in argument, that the plaintiff may abandon all claim for the additional premium, which is uncertain, and proceed only for the certain sum expressed in the contract. Undoubtedly he may take judgment for any sum less than the amount due, and in that mode abandon a portion of his legal claims, but that still leaves the contract in its original state, and can in no way affect its legal construction. He could not erase the clause relating to the additional premium, without thereby making such an alteration in the instrument declared on, as would discharge the defendants.

In *Smith* v. *Nightingale*, 2 Stark. R. 375, the promise was to pay the payee sixty-five pounds and all other sums that

may be due him, and it was claimed for the plaintiff, to whom the interest in the contract had, passed by indorsement, that he might disregard the latter clause and recover on the certain sum set forth in his contract as indorsee, but the Court decided otherwise. *Davis* v. *Wilkinson*, 10 Adol. & El. 98.

The inquiry is made by the counsel for the plaintiff, whether the clause providing for the payment of an additional sum, introduced after the promise to pay the sum fixed and certain, controls that sum so as to make it in any event uncertain. The amount due to the plaintiff is uncertain. Whether the contract is to be regarded as a promise to pay one sum, which shall be the aggregate composed of a certain and of an uncertain sum, the amount of which is to be ascertained at some subsequent time, or as a promise to pay two sums, one fixed and the other uncertain, is perfectly immaterial. In either case there is no precise and ascertained amount due by the contract, and it cannot be regarded as a promissory note. If it was not in its origin, it cannot be made one by any abandonment, which the plaintiff may deem it advisable to make of any portion of the sum due him. The contract declared on not being in its character negotiable, the action cannot be maintained by the present plaintiff. *Plaintiff nonsuit.*

*Cutting*, for the plaintiff.

*G. M. Chase*, for the defendants.